IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv223
(3:05cr47)

| | |
|---|---|
| ANTONIO ALVAREZ-GRANADOS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) and his Motion for Expedited Review (Doc. No. 3). Having carefully considered the petition along with the record in the underlying criminal case, and it appearing that Petitioner was released from custody on October 15, 2009,[1] the Court concludes for the reasons that follow that it no longer has a case or controversy justiciable under § 2255.

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual

---

[1] See
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Antonio+&Middle=&LastName=Alvarez-Granados&Race=U&Sex=U&Age=&x=79&y=14

liberty." Hensley v. Mun. Court, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirements of habeas corpus if he is incarcerated at the time that he files the petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1986); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992). This remains true, even if a petitioner is released from prison during the pendency of the § 2255 motion. Bryson, 981 F.2d at 726.

A petitioner must, however, also show that in spite of subsequent release, he can still meet "the case or controversy requirement of Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (petitioner failed to show injury-in-fact in challenge to a parole revocation, where petitioner had been released from prison after filing habeas corpus petition). "Once the convict's sentence has expired ... some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." Id.,at 7 (citations omitted).

Here, Petitioner sought a re-sentencing where his previous convictions in California could not be used to enhance his sentence. (Doc. No. 1: Motion at 14). This challenge to the length of imprisonment, not the conviction or other penalties, results in no case or controversy remaining now that Petitioner has been released.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc, No. 1) is **DISMISSED** without prejudice;

2. his Motion for Expedited Review (Doc. No. 3) is **DENIED** as moot; and

3. that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: September 11, 2010

Robert J. Conrad, Jr.
Chief United States District Judge